UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL COCO ET AL** | **CASE NO.  2:21-CV-03564** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FLOWERS FOODS INC ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is the Opposed Motion to Stay (Doc. 20), filed by plaintiffs, Terry Bass, Brennan Brown, John Casey, Michael Coco, Brett Dommert, Raymond Francis, James McConnell, Jordan Nelson, Blaine Solieau, Donnie Tellis and Robert Tyson, wherein they ask the Court to stay proceedings in this matter pending a ruling by the United States Court of Appeals, Fifth Circuit in *Ash v. Flower Foods*, No. 23-30356 (5th Cir. filed May 25, 2023). Defendants Flower Foods, Inc. and Flowers Baking Co. of Baton Rouge, LLC, oppose the motion. Doc. 22. Plaintiffs have replied. Doc. 23.

Originally, Plaintiffs participated in an opt-in collective action filed on October 21, 2015, in the Lafayette Division, *Richard et al v. Flowers Foods Inc et al*, No. 6:15-cv-02557, against Defendants; however, on October 18, 2021, that court decertified the collective action and dismissed the opt-in plaintiffs' claims without prejudice, *id.* at R. Doc. 441, p. 4. *See also* Doc. 1, p. 2. The Plaintiffs in this matter were part of the opt-in plaintiffs in *Richard* that were dismissed, and as a result, on October 21, 2021, they refiled their suits in this Court. Doc. 1. Plaintiffs' claims, based on federal question jurisdiction and supplemental jurisdiction, assert that they operated as deliverymen for Defendants in

excess of 40 hours per week without overtime compensation and that the Defendants misclassified them as independent contractors rather than employees to deny them overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Doc. 1, pp. 31–32. In addition to alleged violations of the FLSA, Plaintiffs claim Defendants violated the Louisiana Wage Payment Act, Louisiana Revised Statutes section 23:631 *et seq.* Doc. 1, pp. 34–37.

Similar to the Plaintiffs in the instant matter, other opt-in plaintiffs that were dismissed in *Richard* filed suit in the Alexandria Division, *Ash v. Flowers Foods, Inc.*, No. 1:21-CV-03566. On May 16, 2023, however, those plaintiffs' claims were dismissed on summary judgment.[1] On May 26, 2023, the *Ash* ruling was appealed to the Fifth Circuit and, therefore, serves as a basis for the Plaintiffs present motion for stay. Doc. 20, pp. 4–5. Plaintiffs claim a stay in this matter would not prejudice Defendants, denying a stay would cause hardship and inequity to Plaintiffs, and waiting for a decision by the Fifth Circuit in *Ash* would preserve judicial resources. *Id.* On the other hand, the Defendants argue that an indefinite stay pending the appeal of the separate but related case *Ash* could take well over a year and would disrupt the May 2024 trial date, lengthening litigation that is nearly eight years old. Doc. 22, p. 4–6.

The Court's

> power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done

---

[1] *Ash v. Flowers Foods, Inc.*, No. 1:21-CV-03566, 2023 WL 3486029, at *8 (W.D. La. May 16, 2023).

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*E.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Based on the competing interests at stake, including the management of judicial resources, a stay is not warranted.

**IT IS ORDERED** that Plaintiffs' Opposed Motion to Stay (Doc. 20) be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of June 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE